# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.  1:13-cv-3020

SECURITYNATIONAL MORTGAGE CORPORATION,
a Utah corporation,

      Plaintiff,

v.

JOHN FREDERIC HEAD, an individual; and,
HEAD & ASSOCIATES, P.C., a Colorado Professional
Corporation,

      Defendants.

_____

## COMPLAINT AND JURY DEMAND
_____

Plaintiff SecurityNational Mortgage Corporation (hereinafter, "Security National") hereby submits this Complaint against Defendant John Frederic Head and HEAD & ASSOCIATES, P.C., averring as follows:

### GENERAL ALLEGATIONS

*Parties, Jurisdiction & Venue*

1. Plaintiff Security National is a Utah corporation with a principal place of business in Salt Lake County, State of Utah.

2. Defendant John Frederic Head is an individual and a resident of the State of Colorado.

3. Defendant HEAD & ASSOCIATES, P.C. (hereinafter, "HEAD & ASSOCIATES") is a Colorado professional corporation with a principal place of business in Denver County, State of Colorado.

4. Defendant Head is an attorney at law licensed by the Colorado Supreme Court to practice law in the State of Colorado under assigned attorney registration number 3077 (hereinafter, "Attorney Head").

5. Upon information and belief, Attorney Head is a shareholder or employee of HEAD & ASSOCIATES.

6. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000.

7. Venue is proper in the District of Colorado because the actions giving rise to the claims alleged herein occurred within the State of Colorado.

*Nature of the Action*

8. This is a legal malpractice action. Attorney Head and HEAD & ASSOCIATES filed a lawsuit on Security National's behalf in the State of Colorado's Second Judicial District. Attorney Head and HEAD & ASSOCIATES negligently allowed the lawsuit to be dismissed after receiving notice of the court's intent to dismiss the case for failure to prosecute. Attorney Head and HEAD & ASSOCIATES further negligently failed to seek relief from judgment as provided under applicable state court rules, and negligently misrepresented the status of the case to Security National. Defendants' conduct caused Security National to sustain damages in excess

of $350,000, due to Security National's inability to recover damages on the claims alleged in the lawsuit.

*Factual Allegations Regarding
Defendants' Legal Malpractice*

9. Security National re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint.

10. Security National hired Attorney Head and HEAD & ASSOCIATES to represent Security National in connection with a lawsuit against numerous defendants who perpetrated a mortgage fraud scam and thereby defrauded Security National, which lawsuit is hereinafter referred to as the "Underlying Lawsuit."

11. A copy of the complaint in the Underlying Lawsuit is attached hereto as Exhibit A.

12. The Underlying Lawsuit was filed on April 10, 2008 in the Second Judicial District Court in and for Denver County, State of Colorado and assigned case no. 08CV2752.

13. On August 5, 2008, the judge presiding over the Underlying Lawsuit issued a notice of dismissal for failure to prosecute ("Notice of Dismissal").

14. The Notice of Dismissal provided that the court would dismiss the case on September 4, 2008 if there was no response thereto.

15. As of the date of the Notice of Dismissal, Security National was unaware that Attorney Head had failed to prosecute the Underlying Lawsuit.

16. Contrary to the conclusion of the court presiding over the Underlying Lawsuit that there had been a failure to prosecute the case, Attorney Head repeatedly represented to Security National orally and in writing that he was diligently prosecuting the case, including that he had

issued written discovery, that he was preparing to take depositions of the named defendants and other witnesses, and that he was working on a motion for summary judgment, amongst numerous other misrepresentations related to his supposed efforts to move the case forward.

17. Security National trusted and relied upon Attorney Head's representations in this regard, and based upon Attorney Head's representations, Security National did not hire other counsel to handle the Underlying Lawsuit, continued being represented by Attorney Head and HEAD & ASSOCIATES, and did not take other action which it would have taken had it known that Defendants were failing to prosecute the Underlying Lawsuit.

18. Defendants received the court's Notice of Dismissal and were notified appropriately of the potential for dismissal of the case.

19. Defendants failed to respond in writing to the Notice of Dismissal.

20. On September 4, 2008, due to Defendants' failure to respond to the Notice of Dismissal, the court presiding over the Underlying Lawsuit dismissed the case.

21. Defendants learned that the Underlying Lawsuit had been dismissed contemporaneously with the dismissal, on or about September 4, 2008.

22. Defendants never filed a motion seeking relief from judgment at any time subsequent to September 4, 2008.

23. After September 4, 2008, Security National's general counsel repeatedly inquired with Attorney Head via email and telephone regarding the status of the case, including how discovery was progressing, when a motion for summary judgment would be filed, etc.

24. Despite direct requests for information about the case, Attorney Head never told Security National that the case had been dismissed.

25. To the contrary, Attorney Head affirmatively misrepresented that the case was still ongoing.

26. Late in 2008, one of the defendants in the Underlying Suit filed for bankruptcy protection.

27. In early January of 2009, Security National's general counsel was reviewing that defendant's bankruptcy statement of financial affairs in the course of preparing an adversary complaint in the bankruptcy proceedings.

28. During the review of such documents, Security National's general counsel first learned that the Underlying Lawsuit had been dismissed.

29. Security National's general counsel was stunned to learn that the Underlying Lawsuit had been dismissed.

30. Security National's general counsel immediately contacted Attorney Head to confirm whether the case had in fact been dismissed.

31. Security National asked what had happened and told Attorney Head to set aside the dismissal and reinstate the case.

32. Attorney Head was evasive. He never acknowledged the dismissal. He finally responded that he "could explain everything."

33. Ultimately, however, Attorney Head never explained anything. Instead, Attorney Head ignored Security National's repeated communications, and Security National never heard from Attorney Head again after January 14, 2009.

34. Security National sought relief from judgment in the court presiding over the Underlying Lawsuit. The court presiding over the Underlying Lawsuit denied Security National's motion for relief under COLO. R. CIV. P. 60.

35. Security National appealed the district court's dismissal of the underlying case.

36. The Colorado Court of Appeals affirmed the lower court's ruling that dismissal was appropriate.

37. During the pendency of the appeal of the Underlying Lawsuit, Security National obtained a tolling agreement from Defendants, wherein Defendants agreed to toll the statute of limitation during the pendency of the appeal.

38. Had Defendants responded to the Notice of Dismissal, the Underlying Lawsuit would not have been dismissed, Security National would have prevailed on its claims for relief against the defendants in the Underlying Lawsuit, and Security National would have recovered the damages as alleged in the complaint in the Underlying Lawsuit.

### *FIRST CLAIM FOR RELIEF*
Professional Negligence

39. Security National re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint.

40. An attorney-client relationship existed between Security National on one hand, and Attorney Head and his law firm HEAD & ASSOCIATES on the other.

41. As a result of their relationship, Defendants owed Security National a duty of reasonable care.

42. Defendants were negligent in their representation of Security National.


43. Without limitation, Defendants' failure to respond to the Notice of Dismissal, failure to inform Security National that the Underlying Lawsuit had been dismissed and actively misrepresenting that it had not, and their failure to file a motion seeking relief from judgment, constituted professional negligence and a breach of the standard of care.

44. Defendants' conduct constitutes professional negligence and a breach of the standard of care.

45. As a direct and proximate result of Defendants' professional negligence, the Underlying Lawsuit was dismissed and Security National was wrongfully deprived the right to recover the damages it sustained due to the defendants' fraud and other bad acts as set forth in the Underlying Lawsuit.

46. As a direct and proximate result of Defendants' professional negligence, Security National suffered economic losses.

47. As a direct and proximate result of Defendants' professional negligence, Security National has been required to retain the services of attorneys, has suffered consequential damages, and has been damaged in amounts to be determined at trial.

### *SECOND CLAIM FOR RELIEF*
<u>Breach of Fiduciary Duty</u>

48. Security National re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint.

49. Defendants owed a fiduciary duty to Security National.

50. Defendants breached their fiduciary duty to Security National.

51. As a direct and proximate result of Defendants' breach of fiduciary duty, Security National was wrongfully deprived the right to recover the damages it sustained due to the Underlying Lawsuit defendants' fraud and other bad acts as set forth in the Underlying Lawsuit.

52. As a direct and proximate result of Defendants' breach of fiduciary duty, Security National suffered and continues to suffer economic losses.

53. As a direct and proximate result of Defendants' breach of fiduciary duty, Security National has been required to retain the services of attorneys, has suffered consequential damages, and has been damaged in amounts to be determined at trial.

### *THIRD CLAIM FOR RELIEF*
Breach of Contract

54. Security National re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint.

55. An implied contract existed between Security National and Defendants that required Defendants to exercise ordinary judgment and care, skill, and diligence in the performance of legal services.

56. Defendants' actions and omissions constitute a breach of that contract.

57. As a direct and proximate result of Defendants' breach of contract, Security National was wrongfully deprived the right to recover the damages it sustained due to the defendants' fraud and other bad acts as set forth in the Underlying Lawsuit.

58. As a direct and proximate result of Defendants' breach of contract, Security National suffered and continues to suffer economic losses.

59. As a direct and proximate result of Defendants' breach of contract, Security National has been required to retain the services of attorneys, has suffered consequential damages, and has been damaged in amounts to be determined at trial.

### *FOURTH CLAIM FOR RELIEF*
Respondeat Superior

60. Security National re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint.

61. At all times material hereto HEAD & ASSOCIATES employed Attorney Head and/or Attorney Head was a partner in HEAD & ASSOCIATES.

62. HEAD & ASSOCIATES is vicariously liable for the fault of Attorney Head.

63. As a direct and proximate result of HEAD & ASSOCIATES's shareholder, employee and/or agent's conduct, Security National was wrongfully deprived the right to recover the damages it sustained due to the defendants' fraud and other bad acts as set forth in the Underlying Lawsuit.

64. As a direct and proximate result of Attorney Head and HEAD & ASSOCIATES's conduct, Security National suffered and continues to suffer economic losses.

65. As a direct and proximate result of Attorney Head and HEAD & ASSOCIATES's employee's conduct, Security National has been required to retain the services of attorneys, has suffered consequential damages, and has been damaged in amounts to be determined at trial.

### *FIFTH CLAIM FOR RELIEF*
Unjust Enrichment

66. Security National re-alleges and incorporates by reference the allegations set forth in the preceding paragraphs of this Complaint.

67. Security National conferred a benefit on Defendants when Security National paid Defendants for legal services Defendants claimed to have performed on Security National's behalf.

68. In fact, Defendants never performed the services that they billed Security National for performing.

69. Defendants had knowledge of the benefit and retained those benefits by accepting the funds.

70. Under the circumstances, it would be inequitable for Defendants to retain that benefit without compensating Security National for the value provided.

71. Defendants should be compelled to pay Security National the value of the unjust enrichment they have received, in an amount to be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Security National Mortgage Corporation prays for relief, recovery and judgment against Defendants John F. Head and HEAD & ASSOCIATES, jointly, as follows:

A. For special damages in an amount to be determined at trial;

B. For consequential damages in an amount to be determined at trial;

C. For punitive damages to the extent allowed by law;

D. For pre- and post-judgment interest;

E. For costs and attorney's fees to the extent allowed by law;

F. For declaratory relief as described above; and

G. For such other and further relief as the Court deems appropriate.

DATED this 5th day of November, 2013.

           CHRISTENSEN & JENSEN, P.C.

           /s/  Sarah E. Spencer
           Sarah Elizabeth Spencer, CO #35910
           CHRISTENSEN & JENSEN, P.C.
           15 West South Temple, Suite 800
           Salt Lake City, Utah  84101-1572
           801-323-5000
           Sarah.Spencer@chrisjen.com

Security National's Address:
Contact through counsel
CHRISTENSEN & JENSEN, P.C.
15 W. South Temple, Suite 800
Salt Lake City, Utah 84101