IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-03020-PAB-BNB

SECURITYNATIONAL MORTGAGE COMPANY,

    Plaintiff,

v.

JOHN FREDERIC HEAD, an individual, and
HEAD & ASSOCIATES, P.C., a Colorado professional corporation,

    Defendants.

---

**ORDER**

---

This matter is before the Court on the Motion to Set Aside Clerk's Entry of Default [Docket No. 15] filed by defendants John Frederic Head and Head & Associates, P.C. This case arises out of plaintiff SecurityNational Mortgage Company's claim for legal malpractice. The Court has jurisdiction based on 28 U.S.C. § 1332.

## I. BACKGROUND

Plaintiff SecurityNational Mortgage Company ("SecurityNational") brought this case on November 5, 2013, asserting claims for professional negligence, breach of fiduciary duty, breach of contract, and unjust enrichment. Docket No. 1. On December 3, 2013, plaintiff served the complaint on defendants via email. Docket No. 15 at 9, ¶ a. The complaint was accompanied by waivers of service, which state that defendants "must file and serve an answer or a motion under Rule 12 within 60 days from December 3, 2013, the date when this request was sent." Docket Nos. 6 and 7. Mr. Head signed the waivers of service on behalf of both defendants on December 12,

2013. *Id*. Accordingly, a responsive pleading was due by February 3, 2014. *See* Fed. R. Civ. P. 6(a)(1) and 12(a)(1)(A)(ii).

On February 4, 2014, after no answer or Rule 12 motion had been filed, plaintiff moved for the entry of default. Docket Nos. 9 and 12. The Clerk of Court entered default as to both defendants. Docket Nos. 10 and 13. On February 12, 2014, defendants moved to set aside the entry of default and filed an answer to the complaint. Docket Nos. 15 and 16. Defendants argue that (1) the Court lacks subject matter jurisdiction over this case; (2) their failure to timely respond was not culpable; and (3) they have meritorious defenses to plaintiff's claims. Docket No. 15. Plaintiff opposes the motion to set aside. Docket No. 20.

## II. STANDARD OF REVIEW

The Court may set aside an entry of default for good cause. *See* Fed. R. Civ. P. 55(c). The good cause standard is a less demanding standard than the excusable neglect standard which must be shown for relief from judgment under Fed. R. Civ. P. 60(b). *Id.*; *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n. 6 (10th Cir. 1997). In determining whether to vacate the Clerk's entry of default, the Court may consider the following factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the plaintiff will be prejudiced by setting aside the entry of default; and (3) whether the defendant has a meritorious defense. *See Hunt v. Ford Motor Co.*, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995) (citing *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)). The Court need not consider each one of these factors and, in its discretion, may consider other factors. *Id.* Guiding the Court's analysis is the

time-honored principle that "[t]he preferred disposition of any case is upon its merits and not by default judgment."  *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970); *see also Katzson Bros., Inc. v. E.P.A.*, 839 F.2d 1396, 1399 (10th Cir. 1988) (noting that "default judgments are not favored by courts").  It is, however, within the Court's discretion to balance the judicial preference against default judgments with considerations of social goals, justice, and expediency.  *Gomes*, 420 F.2d at 1366.

### III. ANALYSIS

#### A. Subject Matter Jurisdiction

Defendants argue that the Court lacks subject matter jurisdiction because the named plaintiff is a fictitious entity.  Docket No. 15 at 3.  Defendants refer to the fact that "SecurityNational Mortgage Corporation"–the stated name of the plaintiff that initially filed this case–is not a registered entity in the State of Utah.  *Id*.  However, since defendants' motion to set aside was filed, the case caption and docket have been amended to correctly list plaintiff as SecurityNational Mortgage Company.  Docket No. 24.  Accordingly, there is no jurisdictional defect.  Moreover, there is little equitable weight to this argument since the complaint left no doubt as to plaintiff's real identity and defendants could have sought dismissal of the complaint based on the incorrectly named plaintiff.

#### B. Motion to Set Aside

Defendants move to set aside the entry of default on the basis that their delay in filing an answer was not culpable and they have meritorious defenses to plaintiff's claims.  Docket No. 15.

The Court finds that the failure to timely respond was culpable because defendants "received actual . . . notice of the filing of the action and failed to answer." *See Meadows v. Dominican Republic*, 817 F.2d 517, 521-22 (9th Cir. 1987) (failure to respond to complaint was inexcusable neglect where defendants were aware of federal law, informed of the legal consequences of failing to respond, and "sufficiently sophisticated and experienced in the requirements of American law to protect [their] interests, based on [] involvement in other actions in United States courts.").

Defendants argue that their delay was not culpable because it was based on the belief that plaintiff did not comply with Federal Rule of Civil Procedure 4 in effecting service. Docket No. 15 at 8-10. Specifically, defendants contend that plaintiff's service of process fell short of Rule 4's requirements because (1) plaintiff's email was not accompanied by a "prepaid means of returning the form" or by (2) "a notice in the form prescribed by Form 5." Docket No. 15 at 9. These arguments evidence, at most, a mistake of law, which is not a sufficient basis to establish non-culpable mistake. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 392 (1993) ("inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect").

Defendants do not dispute that the email received on December 3, 2013 that attached the complaint "could be considered 'reliable means'" of service within the meaning of Rule 4. Docket No. 15 at 9; *see also* Fed. R. Civ. P. 4, advisory committee's note to 1993 amendments, 146 F.R.D. 401, 563 ("While private messenger services or electronic communications may be more expensive than the mail, they may be equally reliable and on occasion more convenient to the parties."); Hon. William W.

4

Schwarzer et al., Prac. Guide Fed. Civ. Proc. Before Trial (Nat Ed.) Ch. 5-E, § 5:124 ("other reliable means" includes "overnight delivery service, facsimile, e-mail or private messengers"). Defendants returned the waivers of service via email. Docket No. 15 at 8. Defendants do not state that they incurred any expense in returning the waivers via email. *See id*. at 8-10. Accordingly, the contention that a "prepaid means of returning the form" was lacking is incorrect. *Id*. at 9.

The waivers of service state: "I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from December 3, 2013, the date when this request was sent[.]" Docket No. 6 at 2, ¶ 4. Although this is not the exact language prescribed by Form 5, it is sufficient to inform defendants of "the consequences of waiving and not waiving service," as required under Rule 4(d)(1)(D). Thus, the "technical violation" of this Rule "does not render [defendants'] acknowledgment of service invalid." *Trevino v. D.H. Kim Enters., Inc.*, 168 F.R.D. 181, 182-83 (D. Md. 1996); *see also* Fed. R. Civ. P. 4(d)(4) ("When the plaintiff files a waiver, proof of service is not required and these rules apply as if a summons and complaint had been served at the time of filing the waiver."); Fed. R. Civ. P. 4, advisory committee's note ("All of the forms are suggestions only. . . . The lawyer can and should make use of a form whenever it is in point, but should not hesitate to make any needed or merely helpful adjustment in it to suit the case.").

However, even if defendants' failure to timely respond was culpable, the other factors weigh in favor of granting the motion to set aside.

First, defendants raise meritorious defenses. To determine whether a defense is meritorious, a court "examines the allegations contained in the moving papers to

5

determine whether the movant's version of the factual circumstances surrounding the dispute, if true, would constitute a defense to the action." *In re Stone*, 588 F.2d 1316, 1319 (10th Cir. 1978). The movant must provide "a sufficient elaboration of facts to permit the trial court to judge whether the defense, if movant's version were believed, would be meritorious." *Id*.; *see also United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1094 (9th Cir. 2010) ("All that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense[.]'"). A movant is not required to "demonstrate a likelihood of success on the merits." *Coon v. Grenier*, 867 F.2d 73, 77 (1st Cir. 1989).

Defendants contend that plaintiff's claims are barred by the statute of limitations and that plaintiff failed to timely file a Certificate of Review as required in asserting professional negligence claims under Colorado law. Docket No. 15 at 11; Colo. Rev. Stat. § 13-20-602. Plaintiff responds that its claims were timely filed and that its delay in filing a Certificate of Review does not warrant dismissal. Docket No. 20 at 14-15; Docket No. 25.

Resolving these disputes would require a thorough inquiry ill suited to resolving a motion to set aside. *See Coon*, 867 F.2d at 77. The Court finds that defendants have alleged "factual circumstances surrounding the dispute, [that,] if true, would constitute a defense to the action." *See In re Stone*, 588 F.2d at 1319.

Second, plaintiff states that defendants' alleged negligence "occurred nearly five and a half years ago. SecurityNational only filed this malpractice action after its efforts to set aside the dismissal of the underlying state court lawsuit on appeal were

unsuccessful." Docket No. 20 at 16. Plaintiff contends that "[t]his delay, standing alone, constitutes prejudice." *Id*. Plaintiff further states that it has been "prejudiced due to it being forced to expend time and resources to oppose the instant motion." *Id*. However, it recognizes that, due to the relatively short delay between the day the answer was due and the day it was filed, "this factor merits less weight than the [other] factors." *Id*.

"There is no prejudice to the plaintiff where 'the setting aside of the default has done no harm to plaintiff except to require it to prove its case.'" *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000) (citation omitted). Prejudice is established when a plaintiff's "ability to pursue the claim has been hindered . . . [by, for example,] loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment." *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 523-24 (3d Cir. 2006) (citation and quotation marks omitted).

The delay that plaintiff describes is due to events that preceded the filing of this case and not to defendants' eight-day delay in responding to the complaint. *See* Docket No. 20 at 16. Defendants' delay in responding will not prejudice plaintiff since it will not render evidence inaccessible or otherwise interfere with plaintiff's ability to litigate the case. *See Nationwide*, 175 F. App'x at 523-24. Thus, the only prejudice plaintiff will suffer is having to pay the costs of obtaining an entry of default and opposing the motion to set aside. Defendants have not replied to plaintiff's response to the motion to set aside; they do not object to, or otherwise address, plaintiff's contention that it will be prejudiced in bearing these costs.

The Court may, in its discretion, impose conditions on the grant of a motion to set aside a default.  *See* 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2700 (2010) (prejudice caused by "additional expense" can be "eased by requiring the defaulting party to . . . pay court costs"); *see also Littlefield v. Walt Flanagan & Co.*, 498 F.2d 1133, 1136 (10th Cir. 1974) ("The imposition of conditions in an order vacating a default is a device frequently used to mitigate any prejudice which plaintiff may suffer by allowing defendants to plead."); *Adams v. Robinson Outdoor Prods., LLC*, No. 12-cv-03237-RBJ, 2013 WL 1412332, at *3 (D. Colo. Apr. 8, 2013) (requiring defendant to pay $1,375.00 in reasonable attorney's fees and costs incurred in filing the entry of default as condition of setting default aside); cf. *Dennis Garberg & Assocs., Inc.*, 115 F.3d at 775 (recognizing that district courts are afforded "imaginative and flexible use of power to impose conditions on the granting of relief from a default judgment").

In light of the strong policy favoring resolution on the merits, *see Gomes*, 420 F.2d at 1366, the Court will set aside the default entered against defendants.  However, defendants will be required to pay the reasonable attorney's fees and costs incurred by plaintiff in obtaining an entry of default and in responding to the motion to set aside.

## IV. CONCLUSION

Wherefore, it is

**ORDERED** that the Motion to Set Aside Clerk's Entry of Default [Docket No. 15] filed by defendants John Frederic Head and Head & Associates, P.C. is GRANTED.

The defaults entered against defendants [Docket Nos. 10 and 13] are vacated.  It is further

**ORDERED** that defendants shall pay the reasonable attorney's fees and costs incurred by plaintiff SecurityNational Mortgage Company in moving for the entry of default and in opposing the motion to set aside.  Plaintiff may file a motion for attorney's fees pursuant to D.C.COLO.LCivR 54.3 and costs **on or before October 1, 2014.**  It is further

**ORDERED** that the Amended Motion for Default Judgment [Docket No. 21] is DENIED as moot.

DATED September 15, 2014.

BY THE COURT:

  s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge