IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-03020-PAB-BNB

SECURITYNATIONAL MORTGAGE COMPANY,

      Plaintiff,

v.

JOHN FREDERIC HEAD, an individual, and
HEAD & ASSOCIATES, P.C., a Colorado professional corporation,

      Defendants.

---

## ORDER

---

This matter is before the Court on the Motion for Judgment on the Pleadings filed by defendant John Frederic Head [Docket No. 36]. The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

## I. BACKGROUND[1]

Plaintiff SecurityNational Mortgage Corporation ("Security National") brings this legal malpractice action against defendants John Frederic Head and Head & Associates, P.C., who represented Security National in an action filed in the District Court for the City and County of Denver, Colorado (the "underlying lawsuit"). Docket No. 1 at 2, ¶ 8. In the underlying lawsuit, Security National sued a number of defendants that Security National alleged perpetrated a mortgage fraud scam. *Id.* at 3,

---

[1] The Court accepts all of the complaint's well-pleaded allegations as true for the purposes of resolving this motion. *Park Univ. Enters., Inc. v. Am. Cas. Co. of Reading, PA*, 442 F.3d 1239, 1244 (10th Cir. 2006), *abrogated on other grounds by Magnus, Inc. v. Diamond State Ins. Co.*, 545 F. App'x 750, 753 (10th Cir. 2013) (unpublished).

¶ 10.  During the pendency of the underlying lawsuit, Mr. Head assured Security National orally and in writing that he had issued written discovery, was preparing to take depositions, and was working on a motion for summary judgment.  *Id.* at 3-4, ¶ 16.

On August 5, 2008, the District Court for the City and County of Denver issued a notice of dismissal for failure to prosecute.  Docket No. 1 at 3, ¶ 13.  The notice of dismissal provided that, if Security National did not file a response by September 4, 2008, the underlying lawsuit would be dismissed.  *Id.* ¶ 14.  Defendants received and failed to respond to the notice of dismissal.  *Id.* at 4, ¶¶ 18-19.  On September 4, 2008, the District Court for the City and County of Denver dismissed the underlying lawsuit.  *Id.* at 4, ¶ 20.  After September 4, 2008, Security National's general counsel repeatedly asked Mr. Head about the status of the underlying lawsuit.  *Id.* ¶ 23.  Mr. Head misrepresented that the case was still ongoing.  *Id.* at 5, ¶ 25.  In late 2008, one of the defendants in the underlying lawsuit filed for bankruptcy.  *Id.* ¶ 26.  Security National did not learn that the underlying lawsuit had been dismissed until January 2009, when Security National's general counsel was reviewing filings in connection with that bankruptcy action.  *Id.* ¶¶ 27-28.  Security National contacted Mr. Head, who was "evasive" and told Security National that he could "explain everything."  *Id.* ¶¶ 30-32.  Security National received no explanation, however, and did not hear from Mr. Head after January 14, 2009.  *Id.* ¶ 33.  Security National brought a motion for relief from the dismissal pursuant to Colo. R. Civ. P. 60, but the motion was denied.  *Id.* at 6, ¶ 34.  Security National appealed dismissal of the underlying lawsuit to the Colorado Court of Appeals, but its appeal was unsuccessful.  *Id.* ¶¶ 35-36.

Security National initiated this action on November 5, 2013 and brings claims for relief for professional negligence, breach of fiduciary duty, breach of contract, *respondeat superior* (as to defendant Head & Associates), and unjust enrichment. *See* Docket No. 1. Defendants each returned waivers of service of summons on December 12, 2013. Docket Nos. 6-7. Those waivers both contained the following language: "I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from December 3, 2013, the date when this request was sent (or 90 days if it was sent outside the United States)." Docket No. 6 at 2, ¶ 4; Docket No. 7 at 2, ¶ 4.

On February 4, 2014, Security National moved for entry of default against Mr. Head, noting that more than 60 days had passed since December 3, 2013, and that Mr. Head had not responded to the complaint. Docket No. 12 at 1. The Clerk of the Court entered default on February 5, 2014. Docket No. 13.

On February 12, 2014, Mr. Head filed a motion to set aside the clerk's entry of default. Docket No. 15. Mr. Head's motion argued that he had several meritorious defenses, including that Security National did not file a certificate of review, which is required by Colo. Rev. Stat. § 13-20-602, and that dismissal of the action was therefore mandatory. Docket No. 15 at 11. On February 14, 2014, while Mr. Head's motion to set aside the entry of default was pending, Security National filed a certificate of review. *See* Docket No. 18. The Court granted Mr. Head's motion to set aside the entry of default on September 15, 2014. Docket No. 35.

## II. STANDARD OF REVIEW

The Court reviews a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) much as it would a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See Park Univ.,* 442 F.3d at 1244 ("We review a district court's grant of a motion for judgment on the pleadings de novo, using the same standard that applies to a Rule 12(b)(6) motion."). Accordingly, the Court "accept[s] all facts pleaded by the non-moving party as true and grant[s] all reasonable inferences from the pleadings in favor of the same." *Id*. "Judgment on the pleadings is appropriate only when 'the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'" *Sanders v. Mountain Am. Fed. Credit Union*, 689 F.3d 1138, 1141 (10th Cir. 2012) (quoting *Park Univ.*, 442 F.3d at 1244).

Therefore, to survive defendants' motion, "plaintiff must allege enough factual matter, taken as true, to make [its] 'claim to relief . . . plausible on its face.'" *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not shown-that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (internal quotation marks and alteration marks omitted). "[L]abels and conclusions, and a formulaic recitation of the elements of a cause of action" are insufficient. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, even though modern rules of pleading are somewhat forgiving, "a complaint still must contain

either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Bryson*, 534 F.3d at 1286 (alteration marks omitted).

## III.  ANALYSIS

Mr. Head moves for judgment on the pleadings on the grounds that Security National did not file the certificate of review until 64 days after service of the complaint. Docket No. 36 at 2.  Colo. Rev. Stat. § 13-20-602 says that in an action for damages based upon the alleged professional negligence of a licensed professional, "the plaintiff's . . . attorney shall file with the court a certificate of review for each . . . licensed professional named as a party."  The certificate of review must be filed "within sixty days after the service of the complaint . . . unless the court determines that a longer period is necessary for good cause shown."  Colo. Rev. Stat. § 13-20-602(1)(a).  The certificate of review must declare that the attorney for the plaintiff "has consulted a person who has expertise in the area of the alleged negligent conduct" and that the consulted professional has concluded, based on the review of known facts, "that the filing of the claim . . . does not lack substantial justification."  *See* Colo. Rev. Stat. § 13-20-602(3)(a).  The Colorado Supreme Court has clarified that "the certificate of review is required only with respect to those claims of professional negligence which require the plaintiff to establish a prima facie case by means of expert testimony."  *Martinez v. Badis*, 842 P.2d 245, 249 (Colo. 1992).

Security National argues, first, that a certificate of review is not required because "[t]he negligence alleged in this case is clear-cut and straightforward" and does not

5

require expert testimony, Docket No. 39 at 6, and second, that good cause exists for Security National's late-filed certificate. *Id.* at 7-8. The Court addresses the second argument and finds that good cause exists to accept Security National's certificate of review, which was filed four days after the expiration of the 60-day deadline.

As grounds for its late-filed certificate of review, Security National offers that, when it filed the complaint, it did not believe that a certificate of review was required "due to the obvious nature of the negligent conduct at issue." Docket No. 39 at 8. Upon reviewing defendants' motion to set aside the clerk's entry of default, however, in which defendants indicated that they intended to argue that the case must be dismissed for failure to file a certificate of review, Security National promptly filed the certificate. *See* Docket No. 18.

In Colorado, to decide whether good cause exists to accept a late-filed certificate of review, courts apply the same "good cause" analysis used in default judgment cases. *Hane By and Through Jabalera v. Tubman*, 899 P.2d 332, 334 (Colo. App. 1995). The Court therefore must consider "(1) whether the neglect causing the late filing was excusable, (2) whether the moving party has alleged a meritorious claim or defense, and (3) whether permitting the late filing would be consistent with equitable considerations, including any prejudice to the nonmoving party." *RMB Servs., Inc. v. Truhlar*, 151 P.3d 673, 676 (Colo. App. 2006). Since the standard for good cause is drawn from the default judgment context, the criteria for finding that good cause exists are to be liberally construed in favor of resolution on the merits. *Sumler v. Dist. Court, City and Cnty. of Denver*, 889 P.2d 50, 56 (Colo. 1995) ("Because resolution of

disputes on their merits is favored, the criteria for vacating a default judgment should be liberally construed in favor of the movant") (citation, quotation, and alteration marks omitted).

The Court finds that, considering the above-listed factors, good cause exists to accept Security National's late-filed certificate of review. Although Security National missed the 60-day deadline to file a certificate of review by four days, it filed the certificate two days after it learned that defendants intended to seek dismissal on the basis that no certificate had been filed. The Court finds that this delay was excusable in light of defendants' failure to file a timely answer to the complaint and the Clerk's entry of default. Had defendants filed a timely response to the complaint, Security National would likely have been alerted to the alleged deficiency before the expiration of the 60-day deadline.

Regarding the second factor, whether Security National has a meritorious claim, Mr. Head introduces numerous facts in his reply that suggest that the underlying lawsuit was meritless. *See* Docket No. 43 at 3-9. In ruling on Mr. Head's motion, however, the Court may not look beyond the pleadings unless it converts the motion into a motion for summary judgment. *Lowe v. Town of Fairland, Okla.*, 143 F.3d 1378, 1381 (10th Cir. 1998) ("A motion to dismiss for failure to state a claim upon which relief can be granted must be converted into a motion for summary judgment whenever the district court considers matters outside the pleadings"). The Court declines to do so. Thus, although Mr. Head correctly points out that, to prevail on its legal malpractice claim, Security National will have to show that the underlying lawsuit should have been successful but for defendants' negligence, Security National's claims will be considered meritorious for

the purpose of determining good cause so long as they are supported by facts which, if proven, would entitle Security National to relief. *See Sumler*, 889 P.2d at 56 (holding that, in the context of a motion to vacate default judgment, a defendant shows that it has a meritorious defense "by presenting facts which, if proven, would alter the judgment entered") (quoting *Temple v. Miller*, 488 P.2d 252, 254 (Colo. App. 1971)). The Court finds that Security National's complaint satisfies this standard. Security National alleges that defendants neglected to respond to a notice of dismissal that resulted in the underlying lawsuit's dismissal with prejudice and that defendants then misled Security National by representing that they were still diligently pursuing the case for months after the case had been dismissed. *See* Docket No. 1 at 3-5, ¶¶ 13-25. Security National further alleged that, had defendants not failed to respond to the notice of dismissal, the underlying lawsuit would not have been dismissed. *Id.* at 6, ¶ 38. Security National's claims are supported by sufficient factual detail that the Court finds them to be meritorious for the purposes of resolving this motion.

Finally, regarding the third factor, Mr. Head identifies no prejudice that he will suffer if the Court excuses Security National's four-day delay in filing its certificate of review. "[D]elay standing alone does not establish prejudice." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993). Instead, prejudice is established when a party's ability to present its case has been hindered, "by, for example, loss of available evidence, [or] increased potential for fraud or collusion." *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 524 (3d Cir. 2006) (unpublished).

In sum, the Court finds that good cause exists to grant Security National's late-filed certificate of review. Because this finding is sufficient grounds to deny Mr. Head's motion for judgment on the pleadings, the Court need not and does not address Security National's argument that expert testimony is not required in this case because of the obvious nature of the alleged negligence.[2]

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED** that defendant John Frederic Head's Motion for Judgment on the Pleadings [Docket No. 36] is **DENIED**.

DATED May 12, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[2] Additionally, Security National filed a surreply in which it argues that its certificate of review was sufficient. *See* Docket No. 47. Mr. Head's motion, however, does not contest the sufficiency of Security National's certificate of review; it merely claims that the Court should not accept the late-filed certificate. As such, the Court does not consider Security National's surreply.