IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-03020-PAB-NYW

SECURITYNATIONAL MORTGAGE CORPORATION,

    Plaintiff,

v.

JOHN FREDERIC HEAD and
HEAD & ASSOCIATES, P.C.,

    Defendants.

**ORDER**

This matter is before the Court on the Motion for Entry of Default and Default Judgment Against Head & Associates, P.C. [Docket No. 38] filed by plaintiff SecurityNational Mortgage Corporation ("SecurityNational"). This case arises out of plaintiff's claim for legal malpractice. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

**I. BACKGROUND**

Plaintiff filed this action on November 5, 2013, asserting claims for professional negligence, breach of fiduciary duty, breach of contract, and unjust enrichment. Docket No. 1. On December 3, 2013, plaintiff served the complaint on defendants via email. Docket No. 15-3 at 2. The complaint was accompanied by waivers of service, which state that defendants "must file and serve an answer or a motion under Rule 12 within 60 days from December 3, 2013, the date when this request was sent." Docket Nos. 6 and 7 at 2. Defendant John Head ("Mr. Head") signed the waivers of service on behalf

of both defendants on December 12, 2013. *Id*. Accordingly, a responsive pleading was due by February 3, 2014. *See* Fed. R. Civ. P. 6(a)(1) and 12(a)(1)(A)(ii).

On February 4, 2014, after no answer or Rule 12 motion had been filed, plaintiff moved for the entry of default. Docket Nos. 9 and 12. The Clerk of Court entered default as to both defendants. Docket Nos. 10 and 13. On February 12, 2014, defendants moved to set aside the entry of default and filed an answer to the complaint. Docket Nos. 15 and 16. On September 15, 2014, the Court set aside the Clerk's entry of default against defendants. Docket No. 35.

On August 14, 2014, Mr. Head filed a motion to withdraw as attorney for Head & Associates, P.C. ("Head & Associates") [Docket No. 27] and, on September 5, 2014, the Court granted his motion. Docket No. 34. The Court informed Head & Associates that as "a corporation, partnership, or other legal entity, [] it may not appear without counsel admitted to the bar of this court. Absent prompt appearance of substitute counsel, pleadings and papers may be stricken, and default judgment or other sanctions may be imposed against Head & Associates." *Id.* (citations omitted). On October 1, 2014, plaintiff filed this motion seeking entry of default and default judgment against defendant Head & Associates for its failure to appear before the Court with licensed counsel.

## II. ANALYSIS

In order to obtain a judgment by default, a party must follow the two-step process described in Federal Rule of Civil Procedure 55. First, he or she must seek an entry of default from the Clerk of the Court under Rule 55(a). Rule 55(a) provides that "[w]hen a

party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after default has been entered by the Clerk, the party must seek default judgment according to the strictures of Rule 55(b). *See Williams v. Smithson*, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)) (unpublished).

Plaintiff's motion is a joint motion for entry of default and default judgment against defendant Head & Associates. Since default is not entered against defendant Head & Associates, the only question the Court will address at this juncture is whether the entry of default is appropriate. *See Cincinnati Ins. Co. v. Prof'l Data Svcs., Inc.*, 2002 WL 923930, at *1 (D. Kan. Apr. 18, 2002) ("While this is merely a procedural step in the process toward obtaining a default judgment, in this case it has not yet occurred. Instead, plaintiff skipped directly to the second step in the process and moved for a default judgement. Only after both steps occur can the court enter a default judgment").

"As a general matter, a corporation or other business entity can only appear in court through an attorney and not through a non-attorney corporate officer appearing pro se." *Harrison v. Wahatoyas, LLC*, 253 F.3d 552, 556 (10th Cir. 2001); *see also Riviera Drilling & Exploration Co. v. Gunnison Energy Corp.*, 412 F. App'x 89, 92 (10th Cir. 2011) (unpublished) ("[A] corporation cannot appear pro se."); *Tal v. Hogan*, 453 F.3d 1244, 1254 (10th Cir. 2006) ("It has been our long-standing rule that a corporation must be represented by an attorney to appear in federal court."). "The continued failure of the corporate defendant to obtain new counsel may result in a default judgment

against it." *Bank of Commerce & Trust Co. v. Strauss*, 2008 WL 191396, at *1 (D. Kan. Jan. 22, 2008).

Local Attorney Rule 5(b) provides that, where the client of a withdrawing attorney is a corporation, partnership, or other legal entity, "absent prompt appearance of substitute counsel, pleadings and papers may be stricken, and default judgment or other sanctions may be imposed against the entity." D.C.COLO.LAttyR 5(b).  It has been nearly a year since Mr. Head withdrew as attorney for Head & Associates, *see* Docket No. 34, and no substitute counsel has appeared to represent defendant Head & Associates in this action.  *See GFSI, Inc. v. San Sun Hats & Cap Co., Ltd.*, 2008 WL 489318, at *4 (D. Kan. Feb. 20, 2008) ("This court will not permit the continued disruption to the judicial process when over a year has already passed since [corporate defendant] removed this case to federal court and over three months have passed since it was represented by counsel.").  As such, the entry of default against defendant Head & Associates is appropriate, and its answer should be stricken.  However, because default has not yet entered, the Court denies without prejudice plaintiff's motion as it pertains to the entry of default judgment against defendant Head & Associates.  *See id.* at *2 (denying motion for default judgment where no entry of default had yet been entered).

### III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiff SecurityNational Mortgage Corporation's Motion for Entry of Default and Default Judgment Against Head & Associates, P.C. [Docket No.

38] is **GRANTED** in part and **DENIED** in part.  It is granted to the extent that it seeks entry of default and denied without prejudice to the extent that it seeks entry of default judgment.  It is further

    **ORDERED** that, pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, the Clerk of the Court shall enter default as to defendant Head & Associates, P.C.

    DATED August 26, 2015.

                            BY THE COURT:

                            s/Philip A. Brimmer
                            PHILIP A. BRIMMER
                            United States District Judge