IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-03020-PAB-NYW

SECURITYNATIONAL MORTGAGE COMPANY,

    Plaintiff,

v.

JOHN FREDERIC HEAD and
HEAD & ASSOCIATES, P.C.,

    Defendants.

## ORDER

This matter is before the Court on plaintiff's Motion for Attorney Fees [Docket No. 37]. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## I. BACKGROUND

Plaintiff SecurityNational Mortgage Company ("Security National") brings this legal malpractice action against defendants John Frederic Head and Head & Associates, P.C., who represented Security National in an action filed in the District Court for the City and County of Denver, Colorado (the "underlying lawsuit"). Docket No. 1 at 2, ¶ 8. In the underlying lawsuit, Security National sued a number of defendants that Security National alleged perpetrated a mortgage fraud scam. *Id.* at 3, ¶ 10. During the pendency of the underlying lawsuit, Mr. Head assured Security National orally and in writing that he had issued written discovery, was preparing to take depositions, and was working on a motion for summary judgment. *Id.* at 3-4, ¶ 16.

On August 5, 2008, the District Court for the City and County of Denver issued a

notice of dismissal for failure to prosecute. Docket No. 1 at 3, ¶ 13. The notice of dismissal provided that, if Security National did not file a response by September 4, 2008, the underlying lawsuit would be dismissed. *Id.* ¶ 14. Defendants received and failed to respond to the notice of dismissal. *Id.* at 4, ¶¶ 18-19. On September 4, 2008, the District Court for the City and County of Denver dismissed the underlying lawsuit. *Id.* at 4, ¶ 20. After September 4, 2008, Security National's general counsel repeatedly asked Mr. Head about the status of the underlying lawsuit. *Id.* ¶ 23. Mr. Head misrepresented that the case was still ongoing. *Id.* at 5, ¶ 25. In late 2008, one of the defendants in the underlying lawsuit filed for bankruptcy. *Id.* ¶ 26. Security National did not learn that the underlying lawsuit had been dismissed until January 2009, when Security National's general counsel was reviewing filings in connection with that bankruptcy action. *Id.* ¶¶ 27-28. Security National contacted Mr. Head, who was "evasive" and told Security National that he could "explain everything." *Id.* ¶¶ 30-32. Security National received no explanation, however, and did not hear from Mr. Head after January 14, 2009. *Id.* ¶ 33. Security National brought a motion for relief from the dismissal pursuant to Colo. R. Civ. P. 60, but the motion was denied. *Id.* at 6, ¶ 34. Security National appealed dismissal of the underlying lawsuit to the Colorado Court of Appeals, but its appeal was unsuccessful. *Id.* ¶¶ 35-36.

Security National initiated this action on November 5, 2013 and brings claims for relief for professional negligence, breach of fiduciary duty, breach of contract, *respondeat superior* (as to defendant Head & Associates), and unjust enrichment. *See* Docket No. 1. Defendants each returned waivers of service of summons on December

2

12, 2013. Docket Nos. 6-7. Those waivers both contained the following language: "I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from December 3, 2013, the date when this request was sent (or 90 days if it was sent outside the United States)." Docket No. 6 at 2, ¶ 4; Docket No. 7 at 2, ¶ 4.

On February 4, 2014, Security National moved for entry of default against Mr. Head, noting that more than 60 days had passed since December 3, 2013, and that Mr. Head had not responded to the complaint. Docket No. 12 at 1. The Clerk of the Court entered default on February 5, 2014. Docket No. 13.

On February 12, 2014, Mr. Head filed a motion to set aside the clerk's entry of default. Docket No. 15. Mr. Head's motion argued that he had several meritorious defenses, including that Security National did not file a certificate of review, which is required by Colo. Rev. Stat. § 13-20-602, and that dismissal of the action was therefore mandatory. Docket No. 15 at 11. On February 14, 2014, while Mr. Head's motion to set aside the entry of default was pending, Security National filed a certificate of review. *See* Docket No. 18. The Court granted Mr. Head's motion to set aside the entry of default on September 15, 2014 and ordered defendants to pay reasonable attorney's fees and costs incurred by plaintiff in moving for entry of default and in opposing the motion to set aside. Docket No. 35. Plaintiff filed its motion for attorney's fees on October 1, 2014 seeking attorney's fees in the amount of $5,025 in compensation for 20.1 hours of work at a rate of $250 per hour.[1]  Docket No. 37. Mr. Head opposes the

---

[1] Plaintiff's motion seeks an award of $52.30 in costs. Docket No. 37 at 5. On September 2, 2015, the Court issued a minute order construing the portion of plaintiff's

reasonableness of the hours expended by plaintiff on numerous grounds. *See* Docket No. 42 at 2-3.[2]

## II. ANALYSIS

### A. Hours Expended

In determining the reasonableness of the hours expended, a court considers several factors. First, it considers whether the fees pertain to tasks that would ordinarily be billed to a client. *See Ramos v. Lamm*, 713 F.2d 546, 554 (10th Cir. 1983), *overruled on other grounds by Penn v. Del. Valley Citizens' Council for Clean Air*, 483 U.S. 711, 717 n.4 (1987). Plaintiff must demonstrate that his counsel used "billing judgment" in winnowing down the hours actually spent to those reasonably expended. *Praseuth v. Rubbermaid, Inc.*, 406 F.3d 1245, 1257 (10th Cir. 2005). If not, a court should take extra care to ensure that an attorney has not included unjustified charges in his billing statement. *Id.* A court should also consider whether the amount of time spent on a particular task appears reasonable in light of the complexity of the case, the strategies pursued, and the responses necessitated by an opponent's maneuvering. *Id.* "In determining what is a reasonable time in which to perform a given task," an attorney submitting billing entries should consider the following factors: (1) the complexity of the case; (2) the number of reasonable strategies pursued; (3) the responses necessitated

---

motion seeking costs as a bill of costs and referred it to the Clerk of the Court. Docket No. 52. Since plaintiff's bill of costs has been referred to the Clerk of the Court, plaintiff's request for costs in the instant motion is moot.

[2]Defendant Head and Associates P.C. has been unrepresented in this action since September 5, 2014, *see* Docket No. 34, and accordingly did not file a response to plaintiff's motion. The Clerk of the Court entered default against Head and Associates P.C. on August 27, 2015. Docket No. 51.

by the maneuvering of the other side; and (4) the potential duplication of services caused by the presence of multiple attorneys when one would suffice. *Ramos*, 713 F.2d at 554. Ultimately, the Court's goal is to fix a fee that would be equivalent to what the attorney would reasonably bill for those same services in an open market and fees will be denied for excessive, redundant, and otherwise unnecessary expenses. *Id.* at 553. The burden is on the party requesting fees to prove that its counsel exercised proper billing judgment. *Case v. Unified Sch. Dist. No. 233, Johnson Cnty., Kan.*, 157 F.3d 1243, 1250 (10th Cir. 1998).

Mr. Head objects to specific line items in plaintiff's motion for attorney's fees. The Court will address each objection in turn.

### *1. February 6, 2014, 0.3 Hours*

Plaintiff's time entry claims 0.3 hours spent for "[w]ork on default judgment issues, communicate with John Head and client Matt Bagley regarding same." Docket No. 44 at 2. Mr. Head objects that the motion for entry of default had already been filed as of February 6, 2014 and there were no "default issues" requiring any work at that time. *Id.* Plaintiff replies that the time entry relates to a contemplated default judgment, which was encompassed in the Court's fee award. *Id.* The Court agrees with plaintiff. The time entry reflects communication with Mr. Head and with plaintiff's client concerning default judgment issues. At the time default was entered, plaintiff had to decide whether to move forward with a motion for default judgment. Mr. Head's objection is overruled.

### 2. February 12, 2014, 1.8 Hours

Plaintiff claims 1.8 hours for "[w]ork on amended motion for default judgment." Docket No. 44 at 2. Mr. Head objects that this work is beyond the scope of the Court's order. *Id.* Plaintiff responds that defendant's actions necessitated plaintiff's work seeking default judgment. *Id.* at 2-3. The Court agrees. Until Mr. Head filed his motion to set aside the clerk's entry of default, it was reasonable for plaintiff to prepare for filing a motion for entry of default judgment. Mr. Head's objection is overruled.

### 3. February 13, 2014, 5.5 Hours

Plaintiff claims 5.5 hours for "[w]ork on response in opposition to motion to set aside default, certificate of review, motion to amend caption." Docket No. 44 at 3. Mr. Head objects that the work was to correct major deficiencies such as the failure to file a certificate of review and plaintiff's error in filing the case on behalf of a non-existent entity. Docket No. 44 at 3. The Court will sustain Mr. Head's objection in part. Mr. Head's conduct did not necessitate plaintiff's expenses incurred in obtaining a certificate of review and moving to amend the caption. The Court will reduce this entry to 3.0 hours.

### 4. February 14, 2014, 1.1 Hours

Plaintiff claims 1.1 hours for finalizing its amended motion for default, motion to amend the caption, and response in opposition to defendants' motion to set aside the default. Docket No. 44 at 3. Mr. Head objects that it is not apparent how much of this time was spent on the motion for entry of default judgment as opposed to responding to defendant's motion to set aside default. *Id.* The Court agrees in part. Plaintiff's

amended motion for default judgment, which the Court denied as moot, was not encompassed by the Court's order awarding attorney's fees. See Docket No. 35 at 9. The Court ordered Mr. Head to pay plaintiff's fees associated with "moving for the entry of default and in opposing the motion to set aside." Id. In addition, plaintiff's motion to amend the case caption was not contemplated by the Court's order, see id., and appears to have resulted from plaintiff's own error. The Court will reduce this entry to 0.3 hours.

### 5. February 17, 2014, 0.7 Hours

Plaintiff claims 0.7 hours for reviewing Mr. Head's opposition to the amended motion for default judgment and his response to plaintiff's motion to amend the complaint. Docket No. 44 at 4. Mr. Head objects that the Court's order awarding fees did not include either motion. Id. Plaintiff acknowledges that the Court's order did not address the motion to amend the complaint, but argues that the Court's fee award encompassed plaintiff's efforts to obtain default judgment. Id. The Court agrees with Mr. Head. The Court's order addressed plaintiff's initial efforts to obtain default. Plaintiff cannot recover attorney's fees both for opposing the motion to set aside the default and for plaintiff's concurrent motion for default judgment. The Court will not award fees for this entry.

### 6. February 18, 2014-February 25, 2014, 5.4 Hours

These entries relate to work on plaintiff's amended motion for default judgment. See Docket No. 44 at 4-5. For the reasons stated above, these entries will not be compensated.

### 7. *September 16, 2014*, 0.3 Hours

This entry seeks 0.3 hours for reviewing the Court's order granting defendant's motion to set aside the clerk's entry of default and communication with defendant regarding his statute of limitation calculation, presumably in relation to the timeliness of plaintiff's certificate of review filing. Docket No. 44 at 5-6, *see also* Docket No. 36 at 2 (seeking judgment on the pleadings for plaintiff's failure to file a timely certificate of review as required by Colo. Rev. Stat. § 13-20-602(1)). Mr. Head states that reviewing the Court's order is beyond the scope of the Court's award of fees. Docket No. 44 at 5. The Court finds that plaintiff's review of the Court's order is encompassed within the fee award but that conferring with defendant regarding the statute of limitations is not. Accordingly, this entry is reduced to 0.1 hours.

### 8. *September 30, 2014, 2.4 Hours*

Plaintiff seeks 2.4 hours for preparing its motion for attorney's fees pursuant to the Court's order. Docket No. 44 at 6. Mr. Head argues that the scope of the Court's order did not include time spent filing the motion for attorney's fees. *Id.* The Court disagrees. Mr. Head's conduct, which justified an award of fees, necessarily caused plaintiff to incur the expense of preparing its motion for fees. *Cf. Flores v. Global Credit & Collection Corp.*, No. 10-cv-01843-PAB-MJW, 2011 WL 3366414 at *1 (D. Colo. Aug. 4, 2011) (finding time spent replying to response to motion for attorney's fees reasonable). The Court finds that 2.4 hours spent preparing plaintiff's motion is reasonable.

### B.  Hourly Rate

A "reasonable rate" is defined as the prevailing market rate in the relevant community for an attorney of similar experience.  *Guides, Ltd. v. Yarmouth Group Prop. Mgmt., Inc.*, 295 F.3d 1065, 1078 (10th Cir. 2002); *Malloy v. Monahan*, 73 F.3d 1012, 1018 (10th Cir. 1996).  The party requesting fees bears "the burden of showing that the requested rates are in line with those prevailing in the community." *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1203 (10th Cir. 1998).  In order to satisfy its burden, plaintiff must produce "satisfactory evidence–in addition to the attorney's own affidavits–that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984).

Here, plaintiff claims a rate of $250 per hour for the services of its attorney, Sarah E. Spencer.  Docket No. 37-1 at 3, ¶ 13.  Ms. Spencer is a shareholder with the law firm Christensen & Jensen, P.C. and has been practicing law since October 2004. Docket No. 37-1 at 1, ¶ 1, 2, ¶ 6.  Defendant does not challenge the rate that plaintiff seeks for Ms. Spencer's time.

The Court finds that the requested rate is reasonable, given Ms. Spencer's experience, the nature of the case, and the prevailing market rates in the local market. *See Hitchens v. Thompson Nat'l Properties, LLC*, No. 12-cv-02367-LTB-BNB, 2014 WL 2218094, at *2 (D. Colo. May 29, 2014) (reasonable for Denver attorney with eight years of experience to charge $250 per hour and for attorneys with twenty years of experience to charge $405 per hour); *see also Scott v. City and Cnty. of Denver*, No.

12-cv-00053-MSK-BNB, 2014 WL 287558, at *2 (D. Colo. Jan. 27, 2014) ("the prevailing rates in Denver for experienced litigators approach $400 per hour in recent years" and associates with eight years of experience in the Denver metro area charge between $150 and $260 per hour).

### C.  Lodestar Amount

Based on the aforementioned conclusions, the Court finds that the lodestar figure for plaintiff's attorney's fee request is $1,975 for 7.90 hours of Ms. Spencer's time at a rate of $250 per hour.

## III.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiff SecurityNational Mortgage Company's Motion for Attorney Fees [Docket No. 37] is **GRANTED** in part.  It is further

**ORDERED** that plaintiff SecurityNational Mortgage Company is awarded $1,975 in attorney's fees.  It is further

**ORDERED** that plaintiff's request for $52.30 in costs is **DENIED** as moot.

DATED September 2, 2015.

>    BY THE COURT:
>
>      s/Philip A. Brimmer
>    PHILIP A. BRIMMER
>    United States District Judge