IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-03020-PAB-NYW

SECURITYNATIONAL MORTGAGE COMPANY,

    Plaintiff,

v.

JOHN FREDERIC HEAD and
HEAD & ASSOCIATES, P.C.,

    Defendants.

---

**ORDER**

---

This matter is before the Court on the Renewed Motion for Entry of Default and Default Judgment Against Head & Associates, P.C. [Docket No. 69] filed by plaintiff SecurityNational Mortgage Company ("SecurityNational"). This case arises out of plaintiff's claim for legal malpractice. The Court has jurisdiction pursuant to 28 U.S.C. § 1332.

**I. BACKGROUND**

Plaintiff filed this action on November 5, 2013, asserting claims for professional negligence, breach of fiduciary duty, breach of contract, and unjust enrichment. Docket No. 1. On December 3, 2013, plaintiff served the complaint on defendants via email. Docket No. 15-3 at 2. The complaint was accompanied by waivers of service, which state that defendants "must file and serve an answer or a motion under Rule 12 within 60 days from December 3, 2013, the date when this request was sent." Docket Nos. 6 and 7 at 2. Defendant John Head ("Mr. Head") signed the waivers of service on behalf

of both defendants on December 12, 2013. *Id.* Accordingly, responsive pleadings were due by February 3, 2014. *See* Fed. R. Civ. P. 6(a)(1) and 12(a)(1)(A)(ii).

On February 4, 2014, after no answer or Rule 12 motion had been filed, plaintiff moved for the entry of default. Docket Nos. 9 and 12. The Clerk of Court entered default as to both defendants. Docket Nos. 10 and 13. On February 12, 2014, defendants moved to set aside the entry of default and filed an answer to the complaint. Docket Nos. 15 and 16. On September 15, 2014, the Court set aside the Clerk's entry of default against defendants. Docket No. 35.

On August 14, 2014, Mr. Head filed a motion to withdraw as attorney for Head & Associates, P.C. ("Head & Associates") [Docket No. 27] and, on September 5, 2014, the magistrate judge granted his motion. Docket No. 34. The magistrate judge informed Head & Associates that as "a corporation, partnership, or other legal entity, [] it may not appear without counsel admitted to the bar of this court. Absent prompt appearance of substitute counsel, pleadings and papers may be stricken, and default judgment or other sanctions may be imposed against Head & Associates." *Id.* (citations omitted). On August 26, 2015, the Court ordered that the Clerk of the Court enter default as to Head & Associates. Docket No. 50. On July 8, 2016, plaintiff filed its renewed motion for entry of default and entry of judgment against Head & Associates. Docket No. 69. Defendant Head & Associates has not filed a response.

## II. ANALYSIS

In order to obtain a judgment by default, a party must follow the two-step process described in Federal Rule of Civil Procedure 55. First, it must seek an entry of default

from the Clerk of the Court under Rule 55(a). Rule 55(a) provides that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Second, after default has been entered by the Clerk, the party must seek default judgment according to the strictures of Rule 55(b). *See Williams v. Smithson*, 1995 WL 365988, at *1 (10th Cir. June 20, 1995) (citing *Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981)).

The decision to enter default judgment is "committed to the district court's sound discretion." *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (citation omitted). In exercising that discretion, the Court considers that "[s]trong policies favor resolution of disputes on their merits." *Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir. 1991) (quotation and citations omitted). "The default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *Id.* It serves to protect a plaintiff against "interminable delay and continued uncertainty as to his rights." *Id.* at 733. The Court finds that Head & Associates' failure to respond has thwarted the ability of the Court to resolve the matter on the merits.

Plaintiff seeks entry of default judgment by the Clerk of the Court pursuant to Federal Rule of Civil Procedure 55(b)(1), which provides that, "[i]f the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk – on the plaintiff's request, with an affidavit showing the amount due – must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing

and who is neither a minor nor an incompetent person." Plaintiff has filed an affidavit showing the sum certain due from the defaulted defendant.[1]  *See* Docket No. 21-1. The entry of default judgment by the Clerk of the Court pursuant to Federal Rule of Civil Procedure 55(b)(1) is appropriate without any additional action by the Court.  *See Richfield Hosp., Inc. v. Shubh Hotels Pittsburgh, LLC*, No. 10-cv-00526-PAB-MJW, 2010 WL 5129532, at *2 (D. Colo. Dec. 9, 2010).  Plaintiff states that it suffered damages in the amount of  $90,769.33 on two promissory notes: $3,123.65 on the first note, and $87,645.68 on the second note.  Docket No. 21-1 at 3, ¶ 16; 4, ¶ 21.

### A.  Prejudgment Interest

Plaintiff is also seeking prejudgment interest at the rate of nine percent per annum.  Docket No. 69 at 3.  Under Colorado law it is the duty of the Court when entering judgment to add prejudgment interest to the amount of damages.  *See* Colo. Rev. Stat. § 13-21-101.[2]  "Total prejudgment interest is arrived at by first calculating simple interest on the amount of the judgment from the date the plaintiff's action accrued [here, the date plaintiff's lawsuit was dismissed] until the day before the action was filed."  *Xiong v. Knight Transportation, Inc.*, 77 F. Supp. 3d 1016, 1025 (D. Colo. 2014) (*citing Francis ex rel. Goodridge v. Dahl*, 107 P.3d 1171, 1176 (Colo. App. 2005)).  "This amount must then be added to the amount of the judgment and used as

---

[1] Plaintiff notes that its complaint seeks other, non-liquidated damages, but that, for purposes of default judgment, it is only seeking fixed damages under the two promissory notes at issue in the lawsuit.  Docket No. 69 at 3 n.2.

[2] The Colorado Supreme Court held Colo. Rev. Stat. § 13-21-101 unconstitutional on other grounds concerning the calculation of post-judgment interest, which is not at issue in this case.  *See Xiong v. Knight Transportation, Inc.*, 77 F. Supp. 3d 1016, 1025 n.3 (D. Colo. 2014) (*citing Sperry v. Field*, 205 P.3d 365 (Colo. 2009)).

the initial base amount." *Id.* "Finally, the initial base amount is used to calculate compound interest annually from the date the suit was filed until the date judgment is entered." *Id.*

### 1. Pre-Filing Interest

Plaintiff's claim accrued on September 4, 2008, *see* Docket No. 1 at 4, ¶ 20, and this suit was filed on November 5, 2013.  *See* Docket No. 1.  Simple interest is calculated on the amount of judgment – $90,769.33 – from September 4, 2008 to November 4, 2013.

Interest from September 4, 2008 through September 4, 2013 is $40,846.20.[3]

Interest from September 4, 2013 through November 4, 2013 is $1,365.27.[4]

In total, the pre-filing simple interest amounts to $42,211.47.

### 2. Post-Filing Compound Interest

Post-filing compound interest is calculated at a rate of nine percent per annum on the initial base amount, here $132,980.80 – the sum of the amount of judgment ($90,769.33) and pre-filing interest ($42,211.47).  Post-filing interest began accruing on November 5, 2013 when the case was filed and continued through the entry of judgment.  Compound interest is calculated by summing the judgment and the total accrued interest each year before determining interest for the following year.

---

[3] Calculated by taking nine percent of $90,769.33 – $8,169.24 – and multiplying it by five years.

[4] Calculated by dividing nine percent of $90,769.33 – $8,169.24 – by 365; then multiplying that number by 61 (the number of days that interest accrued).

    Interest from November 5, 2013 through November 4, 2014 is $11,968.27.[5]

    Interest from November 5, 2014 through November 4, 2015 is $13,045.42.[6]

    Interest from November 5, 2015 through November 4, 2016 is $14,219.50.[7]

    Interest from November 5, 2016 through December 29, 2016 is $2,293.04.[8]

In total, the post-filing compound interest amounts to $41,526.23. Adding this amount to the pre-filing interest of $42,211.47 equals $83,737.70 in prejudgment interest.

## III. CONCLUSION

    For the foregoing reasons, it is

    **ORDERED** that plaintiff SecurityNational Mortgage Company's Renewed Motion for Entry of Default and Default Judgment Against Head & Associates, P.C. [Docket No. 69] is **GRANTED**. It is further

    **ORDERED** that default judgment shall enter in favor of plaintiff SecurityNational Mortgage Company and against defendant Head & Associates, P.C. in the amount of $90,769.33, plus prejudgment interest of $83,737.70. Post-judgment interest shall run in accordance with 28 U.S.C. § 1961.

---

    [5] Calculated by taking nine percent of the initial base amount – $132,980.80.

    [6] Calculated by taking nine percent of the previous year's total – $144,949.07.

    [7] Calculated by taking nine percent of the previous year's total – $157,994.49.

    [8] Calculated by dividing nine percent of $172,213.99 – $15,499.26 – by 365; then multiplying that number by 54 (the number of days that interest accrued before entry of judgment on December 29, 2016).

DATED December 29, 2016.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge