IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 13-cv-03020-PAB-NYW

SECURITYNATIONAL MORTGAGE COMPANY,

    Plaintiff,

v.

JOHN FREDERIC HEAD and
HEAD & ASSOCIATES, P.C.,

    Defendants.

---

**ORDER**

---

The matter before the Court is plaintiff's Unopposed Motion to Set Aside Default

Judgment Against Head & Associates, P.C. and Dismiss Case [Docket No. 96].

On September 5, 2014, Mr. Head withdrew as counsel for Head & Associates,

P.C. ("Head & Associates") because his law license had been suspended.  Docket

Nos. 27, 34.  As the magistrate judge noted in granting the motion to withdraw, Head &

Associates is unable to appear in this matter without counsel admitted to the bar of this

court.  Docket No. 34 at 1.  No attorney ever entered an appearance on behalf of Head

& Associates.  On October 1, 2014, plaintiff moved for default judgment as to defendant

Head & Associates.  Docket No. 38.  On August 26, 2015, the Court granted plaintiff's

motion to the extent it sought entry of default, but denied plaintiff's request for default

judgment without prejudice.  Docket No. 50.  On August 27, 2015, the Clerk of the

Court entered default as to defendant Head & Associates.  Docket No. 51.  On July 8,

2016, plaintiff filed a renewed motion for default judgment against Head & Associates.

Docket No. 69.  On December 29, 2016, after reviewing the relevant factors under Fed.

R. Civ. P. 55(b)(1), the Court entered default judgment against Head & Associates. Docket No. 78 at 6.

On February 15, 2017, plaintiff submitted a stipulation of settlement, which, among other things, stated that plaintiff "stipulates that all interlocutory orders, including a default judgment, shall be vacated and that the within action be dismissed with prejudice." Docket No. 89 at 1. On February 16, 2017, the Court denied the portion of plaintiff's stipulation requesting that the Court vacate interlocutory orders, stating:

> The parties have no authority to vacate orders entered in this case. Moreover, even if the parties request that the Court vacate an order as part of a settlement, absent extraordinary circumstances, the Court will refuse to do so.

Docket No. 90 at 1 (citing *Clarke v. Nat'l Payment Relief, LLC*, No. 14-cv-01538-PAB-CBS, 2016 WL 540976, at *1 (D. Colo. Feb. 11, 2016)). On February 22, 2017, plaintiff filed a stipulated motion to dismiss defendant John Head, Docket No. 93, which the Court granted. Docket No. 94.

On March 10, 2017, plaintiff filed the instant motion, Docket No. 96, requesting that the Court set aside the default judgment, Docket No. 78, entered against defendant Head & Associates.

## I. ANALYSIS

"[T]here is a public policy in favor of the settlement of disputes and [] courts will honor this policy by facilitating settlement where appropriate." *City of Aurora, Colo. v. PS Sys., Inc.*, No. 07-cv-02371-PAB-BNB, 2010 WL 2670819, at *1 (D. Colo. July 2, 2010). However, vacatur works to "erase" a decision made, and hence, to attempt to limit its subsequent power. *See In re Memorial Hosp. of Iowa Cty., Inc.*, 862 F.2d 1299,

1300 (7th Cir. 1988) ("History cannot be rewritten."); *see also Benavides v. Jackson Nat'l Life Ins. Co.*, 820 F. Supp. 1284, 1289 (D. Colo. 1993) ("Vacatur allows [parties] to control the direction and content of the jurisprudence–to weed out the negative precedent and preserve the positive–and create an artificially weighty and one-sided estimate of what comprises 'the case law.'").  Absent "extraordinary circumstances," a vacatur of an earlier ruling would not be justified based simply on the parties' settlement.  *See, e.g.*, *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 29 (1994); *Aqua Marine Supply v. AIM Machining, Inc.*, 247 F.3d 1216, 1221 (Fed. Cir. 2001); *In re Memorial Hosp. of Iowa Cty.*, 862 F.2d at 1300; *City of Aurora*, 2010 WL 2670819, at *1; *Polymasc Pharms., PLC., v. Alza Corp.*, 2004 WL 633256, at *1-2 (D. Del. Mar. 26, 2004); *Clever Devices, Ltd., v. Digital Recorders, Inc.*, 2004 WL 1265934, at *1 (N.D. Tex. June 3, 2004); *Vutek, Inc. v. Leggett & Platt, Inc.*, 2009 WL 3806368, at *1 (E.D. Mo. Nov. 12,  2009); *Benavides*, 820 F. Supp. at 1288 (adopting the plurality of circuits' reasoning that vacatur based on post-judgment settlement should be refused).

In support of its motion, plaintiff argues:

> The parties have reached a settlement in this case.  Accordingly, plaintiff moves the Court for an order setting aside the December 29, 2019 [sic] default judgment entered against Defendant Head & Associates, P.C. and dismissing this case as to Head & Associates, P.C.

Docket No. 96 at 2.  The Court declines to do so.  Default judgments punish parties who fail to appear before the court, and promote justice by deterring such behavior. *See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444-45 (10th Cir. 1983) ("[A] workable system of justice requires that litigants not be free to appear at their pleasure.  We therefore must hold parties and their attorneys to a

reasonably high standard of diligence in observing the courts' rules of procedure.  The

threat of judgment by default serves as an incentive to meet this standard.").  Allowing a

party against whom default judgment was entered to evade such judgment by reaching

a post-judgment settlement would undermine the Court's authority to ensure that

litigants appear to defend claims brought against them.  Moreover, a judicial opinion is a

public act of government that parties cannot expunge through a private agreement.  *In

re Memorial Hosp. of Iowa Cty.*, 862 F.2d at 1300.  "[S]uch a practice [would] come

dangerously close to engendering improper advisory opinions by courts, [and] might

also encourage inefficiencies through repetitive litigation."  *City of Aurora*, 2010 WL

2670819, at *1.

In previously denying the parties' request to vacate the default judgment issued

against Head & Associates, the Court stated that "absent extraordinary circumstances"

it would decline to vacate the prior orders in this case.  Docket No. 90 at 1.  Plaintiff's

two-sentence argument fails to provide a basis for vacating the default judgment apart

from the mere fact of settlement.  The Court, therefore, declines to vacate its entry of

default judgment.

## II.  CONCLUSION

For the foregoing reasons, it is

**ORDERED** that plaintiff's Unopposed Motion to Set Aside Default Judgment

Against Head & Associates, P.C. and Dismiss Case [Docket No. 96] is denied.

DATED March 13, 2017.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge